UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANICE L. ANDUJAR,

    Plaintiff,                                                Case No. 6:21-cv-02165

v.

ALLY FINANCIAL INC.,

    Defendant.

_____/

## COMPLAINT

**NOW COMES** JANICE L. ANDUJAR ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of ALLY FINANCIAL INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida and Defendant conducts business in the Middle District of Florida.

4. The Court has supplemental jurisdiction over the state law FCCPA claim under 28 U.S.C. §1367.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Middle District of Florida.

6. Defendant is a bank holding company with its principal place of business located at 500 Woodward Ave Detroit, Michigan 48226. Defendant's principal business purpose provides financial services including car finance, online banking via a direct bank, corporate lending, and other financial services. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7. In October 2021, Plaintiff began receiving collection calls to her cellular telephone number (407) XXX-3662 from Defendant attempting to collect an alleged debt unknown to Plaintiff ("alleged debt"), for which it subsequently acquired the right to collect after it was purportedly to be in default.

8. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3662. Plaintiff is and has always been financially responsible for the cellular phone and its services.

9. During the October 2021 telephone call, Defendant attempted to reach a debtor by the name of "Dawn Dansbury," when Plaintiff informed Defendant they had called the wrong number and requested all calls cease.

10. Unfortunately, Plaintiff continued to receive telephone calls place by Defendant to her cellular number ending in 3662.

11. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

12. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant

13. Plaintiff was perplexed why Defendant was calling her because the alleged debt Defendant was attempting to collection did not belong to her.

14. In December 2021, Plaintiff received another incoming call placed by Defendant attempting to reach Dawn Dansbury once more.

15. Plaintiff answered Defendant's telephone call and explained again that she was not Dawn Dansbury and requested calls to cease.

16. During the aforementioned telephone call, Defendant's representative stated that Plaintiff would need to provide her full social security number ("SSN") in order for the telephone calls to cease.

17. Plaintiff did not provide her full SSN to Defendant, as it was unfair that she should have to provide such sensitive information to cease Defendant's telephone calls, especially for a debt not owed.

18. Once Plaintiff concluded the telephone call with Defendant's representative, Plaintiff place an outgoing telephone call to Defendant's 800 number located on its website to attempt once more to cease Defendant's harassment calls.

19. Plaintiff *never* provided her telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.[1]

20. On December 21, 2021, Plaintiff mailed a certified letter to Defendant requesting that all calls to her cell phone cease since she is not the consumer Defendant was attempting to reach.

21. Despite knowing that Plaintiff was not "Dawn Dansbury" and that Plaintiff's phone number was the wrong number to reach that consumer, Defendant continued to call Plaintiff at an excessive and harassing rate.

22. The phone numbers that Defendant most often uses to contact Plaintiff is (904) 886-5295, (888) 925-2559, and (833) 226-1520, but upon information and

---

[1] Upon information and belief, Defendant obtained Plaintiff's telephone number through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

4

belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without her consent

23. Notwithstanding Plaintiff's request that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls in October 2021 through the present day in an attempt to collect on a defaulted debt belonging to another person without Plaintiff's prior express consent.

## DAMAGES

24. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of his telephone services.

26. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

27. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Defendant repeatedly placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

30. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

31. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

32. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

33. Plaintiff does not have any business relationship with Defendant nor has she given it permission to call her cellular phone. Defendant was calling Plaintiff's

6

cellular phone looking for a different party. As such, she could not have given Defendant consent to contact her at her cellular telephone number.

34. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from October 2021 through the present day, using an ATDS without her prior consent.

35. Any prior consent, if any, was revoked by Plaintiff's verbal and written revocations.

36. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

37. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

38. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

39. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

40. Defendant, through its agents, representatives, vendors, third-party contractors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

41. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JANICE L. ANDUJAR respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

43. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

44. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provision of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said

8

provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.51(1).

45. At all times material hereto, the alleged debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

46. Defendant violated section 559.72(7) of the FCCPA through its unlawful conduct.

**a. Violations of the FCCPA § 559.72(7)**

47. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

48. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff informed Defendant calls were not intended for her and asked Defendant to stop calling her. Ignoring Plaintiff's request, Defendant placed numerous calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff JANICE L. ANDUJAR respectfully requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: December 28, 2021                    Respectfully Submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
(Of Counsel)
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*